UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re BLACK FARMERS DISCRIMINATION
LITIGATION

This document relates to:

ALL CASES

Misc. No. 08-0511 (PLF)

ORDER AND JUDGMENT

For the reasons set forth in the Opinion issued this same day, it is hereby

ORDERED that [187] the motion for final approval of the proposed class settlement is GRANTED; it is

FURTHER ORDERED that [179] the consent motion to approve appointment of the Track A and Track B neutral is GRANTED; it is

FURTHER ORDERED that the revised Claim Form filed on October 7, 2011 [226] is APPROVED; and it is

FURTHER ORDERED that:

1. The following settlement class ("the Class") is certified in the action styled as In re Black Farmers Discrimination Litig., Misc. No. 08-0511:

> All individuals: (1) who submitted late-filing requests under Section 5(g) of the *Pigford v. Glickman* Consent Decree on or after October 13, 1999, and on or before June 18, 2008; but (2) who have not obtained a determination on the merits of their discrimination complaints, as defined by Section 1(h) of the Consent Decree.

2. The following plaintiffs are appointed as representatives of the Class ("Class Representatives") pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure:

> James Copeland
> 3 Effingham Court
> Columbus, GA 31909
>
> Earl Moorer, on behalf of the Estate of John Moorer
> 292 Denton Rd.
> Lowndesboro, AL 36752
>
> Marshallene McNeil
> 472 Hwy 41 North
> Camden, AL 36726

3. For the purposes of effectuating the settlement agreement, the following individuals are appointed Lead Class Counsel:

> Andrew H. Marks, Esq.
> CROWELL &MORING LLP
> 1001 Pennsylvania Avenue, N.W.
> Washington, D.C. 20004
> (T): 202-624-2500
> (F): 202-628-5116
>
> Henry Sanders, Esq.
> CHESTNUT, SANDERS, SANDERS, PETTAWAY &CAMPBELL, LLC
> One Union Street
> Selma, AL 36701
> (T): 334-875-9264
> (F): 334-875-9853
>
> Gregorio Francis, Esq.
> MORGAN &MORGAN, P.A.
> 20 North Orange Avenue, Suite 1600
> Orlando, Florida 32801
> (T): 407-420-1414

These Lead Class Counsel are responsible for carrying out the duties of Lead Class Counsel set forth in the Settlement Agreement.

4. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, for the purpose of effectuating the settlement agreement, the following individuals are appointed as Class Counsel:[1]

>   Henry Sanders, Esq.*
>   Fayarose Sanders, Esq.*
>   CHESTNUT, SANDERS, SANDERS, PETTAWAY &CAMPBELL, LLC
>   One Union Street
>   Selma, AL 36701
>   (T): 334-875-9264
>   (F): 334-875-9853
>
>   David Frantz, Esq.*
>   Brian P. Phelan, Esq.
>   CONLON, FRANTZ &PHELAN, LLP
>   1818 N Street, N.W., Suite 400
>   Washington, DC 20036
>   (T) 202-331-7050
>   (F) 202-331-9306
>
>   Othello C. Cross, Esq.*
>   Jesse L. Kearney, Esq.
>   CROSS &KEARNEY, PLLC
>   1022 W. 6th Avenue
>   Pine Bluff, AR 71601
>   (T) 870-536-4056
>   (F) 870-536-0216
>
>   Andrew H. Marks, Esq.*
>   Laurel Pyke Malson, Esq.*
>   Michael W. Lieberman, Esq.
>   CROWELL &MORING LLP
>   1001 Pennsylvania Avenue, N.W.
>   Washington, D.C. 20004
>   (T): (202) 624-2500
>   (F): (202) 628-5116

---

[1] *Indicates membership on Plaintiffs' Steering Committee.

Don O. Gleason, Jr., Esq.
Michael McHenry, Esq.
GLEASON &MCHENRY
P.O. Box 7316
Tupelo, MS 38802
(T) 662-690-9824
(F) 662-690-9826

Stephen Gowan, Esq.
GOWAN LAW OFFICE, PLLC
P.O. Box 38
McAdams, MS 39107
(T): 662-290-0042
(F): 662-290-0042

William Lewis Garrison, Esq.
William L. Bross, Esq.
Gayle L. Douglas, Esq.
HENINGER, GARRISON & DAVIS LLC
P.O. Box 11310
2224 1st Avenue North
Birmingham, AL 35202
(T) 205-326-3336
(F) 205-326-3332

Kindaka Sanders, Esq.
Attorney at Law
209 Broad Street
Selma, AL 36701
(T) 334-327-1993
(F) 334-460-6611

Jimmy S. Calton, Jr., Esq.
Jimmy S. Calton, Sr., Esq.
LAW OFFICES OF CALTON &CALTON
226 East Broad Street
Eufaula, AL 36027
(T) 334-687-3563
(F) 334-687-3564

James Scott Farrin, Esq.*
Eric Haase, Esq.
LAW OFFICES OF JAMES SCOTT FARRIN
280 South Mangum Street, Suite 400
Durham, NC 27701
(T) 919-688-4991
(F) 919-688-4468

Marc Boutwell, Esq.
Charles Edwards, Esq.
THE LAW OFFICES OfMARC BOUTWELL, PLLC
P.O. Box 956
Lexington, MS 39095
(T) 662-834-9029
(F) 662-834-3117

Donald McEachin, Esq.
MCEACHIN &GEE LLP
4719 Nine Mile Road
Henrico, VA 23223
(T) 804-226-4111
(F) 804-226-8888

Gregorio A. Francis, Esq.*
Scott W. Weinstein, Esq.*
Alphonso Michael Espy, Esq.
J. Andrew Meyer, Esq.
MORGAN &MORGAN, P.A.
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
(T) 407-420-1414

Anurag Varma, Esq.
Benjamin G. Chew, Esq.
Jude Kearney, Esq.
Ramona Quillet, Esq.
PATTON BOGGS, LLP
2550 M Street, N.W.
Washington, DC 20037
(T) 202-457-6490
(F) 202-457-6315

Harris L. Pogust, Esq.*
Tobias L. Millrood, Esq.
POGUST, BRASLOW &MILLROOD
161 Washington Street, Suite 1520
Conshohocken, PA 19428
(T): (610) 941-4204
(F): (610) 941-4245

Reed Colfax, Esq.
John P. Relman, Esq.
Jennifer Klar, Esq.
RELMAN &DANE, PLLC
1225 19th Street N.W., Suite 600
Washington, DC 20036-2456
(T) 202-728-1888
(F) 202-728-0848

Michael A. Rutland, Esq.
RUTLAND &JANKIEWICZ, LLC
128 N. Orange Ave.
Eufaula, AL 36027
(T): 334-687-9899

Phillip L. Fraas, Esq.*
STINSONMORRISON HECKER LLP
1150 18th Street N.W. #800
Washington, DC 20036-3816
(T) 202-572-9904
(F) 202-572-9982

Joseph P. Strom, Jr., Esq.*
Mario A. Pacella, Esq.
Bakari Sellers, Esq.
STROM LAW FIRM, LLC
2110 N. Beltline Blvd., Suite A
Columbia, SC 29204
(T) 803-252-4800
(F) 803-252-4801

Walter B. Calton, Esq.
Attorney at Law
312 East Broad Street
Eufaula, AL 36027
(T) 334-687-2407
(F) 334-687-2466

These Class Counsel are responsible for carrying out the duties of Class Counsel set forth in the Settlement Agreement.

5. The certification of the Class, appointment of Class Representatives, and appointment of Class Counsel, Lead Class Counsel, and the Plaintiffs' Steering Committee are solely for the purposes of effectuating the Settlement Agreement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of the Class, appointment of the Class Representatives, and appointment and designation of Class Counsel, Lead Class Counsel, and the Plaintiffs' Steering Committee shall be void and of no effect, and the Parties to the Settlement Agreement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the Parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

6. At a date to be established, this Court will award attorneys' fees and expenses equal to not less than 4.1% and not more than 7.4% of the Fee Base (as defined in the Settlement Agreement). These fees and expenses shall be paid and distributed in accordance with the terms of the Settlement Agreement.

7. No counsel who is designated as Class Counsel by this Order shall seek to enforce the terms of any existing contingency fee arrangements with Class Members.

8. For purposes of effectuating the Settlement Agreement, a "Track A Individual Counsel Fee" (as defined in the Settlement Agreement) may not exceed 2% of a Class Member's Final Track A Award. Notwithstanding any other agreement, any counsel who is not designated as Class Counsel and who is retained by a member of the Class to represent such an individual for a Track A claim under the Settlement Agreement shall be limited to a 2% contingency fee.

9. For purposes of effectuating the Settlement Agreement, a "Track B Fee" (as defined in the Settlement Agreement) may not exceed 8% of a Class Member's Final Track B Award. Notwithstanding any other agreement, any counsel who is retained by a member of the Class to represent such an individual for a Track B claim under the Settlement Agreement shall be limited to an 8% contingency fee.

10. The "Cost Cap," as defined in Section II.I of the Settlement Agreement, is set at $35,000,000.

11. Class Counsel may move for the payment of up to an additional $3,500,000 from 2008 Funds to pay for reasonable additional fees and costs above the Cost Cap incurred by the Track A Neutrals, the Track B Neutrals, and/or the Claims Administrator arising out of the reporting requirements and/or the audit provisions of Section 201(h) of Pub. L. 111-291, 124 Stat. 3064 (Dec. 8, 2010).

12. With the consent of the Secretary of Agriculture and the Attorney General of the United States, Epiq Systems, Inc. is approved to serve as Claims Administrator for purposes of effectuating the Settlement Agreement and shall fulfill the roles designated for the Claims Administrator in the Settlement Agreement.

13. With the consent of the Secretary of Agriculture and the Attorney General, JAMS Mediation, Arbitration, and ADR Services ("JAMS") is approved to serve as both the Track A and Track B Neutral for purposes of effectuating the Settlement Agreement and to fulfill the role designated for the Track A and Track B Neutrals in the Settlement Agreement. Lester Levy of JAMS is designated as Lead Track A Neutral, and Michael Lewis of JAMS is designated as Lead Track B Neutral.

14. Each individual designated by JAMS to serve as a Track A Neutral or Track B Neutral must notify Lead Class Counsel of his or her designation. Within ten (10) days of such notification, Lead Class Counsel shall inform the Court of the names of any individuals so designated. The Court will then administer an oath to each individual so designated as follows:

> I swear that I will fulfill my role as Neutral under the Settlement Agreement in In re Black Farmers Discrimination Litig. faithfully, fairly, and to the best of my ability.

No individual designated as a Track A or Track B Neutral may take any action in that role before taking the aforementioned oath administered by the Court.

15. Payments to the Claims Administrator, the Track A Neutral, and the Track B Neutral are Implementation Costs that shall be paid in accordance with Sections IV.C, IV.D, IV.E, IV.F, and IV.H of the Settlement Agreement upon application of Class Counsel and approval by this Court. Such payments shall not, in total, exceed the Cost Cap.

16. Paragraphs 30-34 of the Order Granting Preliminary Approval of Settlement (Docket No. 172), relating to use and dissemination of *Pigford* lists, remain in full force and effect.

17. In order to provide the parties with sufficient time to begin implementation of this Order, the 180-day claim period specified in the Settlement Agreement shall commence on November 14, 2011 and end on May 11, 2012. To effect this order, Section II.D of the Settlement Agreement is hereby revised to read as follows: "The 'Claim Deadline' is May 11, 2012."

18. Pursuant to Rules 23(e) and 41(a)(1) of the Federal Rules of Civil Procedure, the following cases pending before the United States District Court for the District of Columbia be and the same are hereby dismissed with prejudice:

    a. *In re Black Farmers Discrimination Litig.*, Misc. No. 08-0511;

    b. *Agee v. Schafer*, Civil Action No. 08-0882;

    c. *Kimbrough v. Schafer*, Civil Action No. 08-0901;

    d. *Adams v. Schafer*, Civil Action No. 08-0919;

    e. *National Black Farmers Association v. Schafer*, Civil Action No. 08-00940;

    f. *Bennett v. Schafer*, Civil Action No. 08-00962;

    g. *McKinney v. Schafer*, Civil Action No. 08-1062;

    h. *Bolton v. Schafer*, Civil Action No. 08-1070;

    I. *Copeland v. Vilsack*, Civil Action No. 08-1188;

    j. *Hampton v. Schafer*, Civil Action No. 08-1381;

    k. *Robinson v. Schafer*, Civil Action No. 08-1513;

    l. *James v. Schafer*, Civil Action No. 08-2220;

    m. *Beckley v. Vilsack*, Civil Action No. 09-1019;

    n. *Sanders v. Vilsack*, Civil Action No. 09-1318;

  o. *Russell v. Vilsack*, Civil Action No. 09-1323;

  p. *Bridgeforth v. Vilsack*, Civil Action No. 09-1401;

  q. *Allen v. Vilsack*, Civil Action No. 09-1422;

  r. *Anderson, v. Vilsack*, Civil Action No. 09-1507;

  s. *Edwards v. Vilsack*, Civil Action No. 10-0465;

  t. *Latham v. Vilsack*, Civil Action No. 10-0737;

  u. *Andrews v. Vilsack*, Civil Action No. 10-0801;

  v. *Sanders v. Vilsack*, Civil Action No. 10-1053;

  w. *Johnson v. Vilsack*, Civil Action No. 10-0839; and

  x. *Abney v. Vilsack*, Civil Action No. 10-1026.

If, for any reason, the Settlement Agreement becomes void, the Plaintiffs shall have the right to reinstate any individual complaints that are dismissed pursuant to this Order.

  19. By this Order and the Judgment entered pursuant to it, the Class Representatives, the Class, and its members and their heirs, administrators, successors, and assigns release, waive, acquit and forever discharge the United States and the Secretary from and are forever barred and precluded from prosecuting, any and all claims, causes of action, or requests for any monetary relief, including, but not limited to, damages, tax payments, debt relief, costs, attorneys' fees, expenses, and/or interest, whether presently known or unknown, that have been or could have been asserted in the Consolidated Case by reason of, with respect to, in connection with, or which arise out of, any matters alleged in the Consolidated Case that the Class Representatives, the Class, and its members, and their heirs, administrators, successors, and assigns have against the United States or the Secretary, or any of them. Furthermore, the

Class Representatives, the Class, and its members and their heirs, administrators, successors, and assigns release, waive, acquit and forever discharge any and all rights they have or may have under Public Law No. 110-234 and or Public Law No. 110-246, § 14012 (2008) ("§ 14012") and each of its provisions. Finally, the Class Representatives, the Class, and its members and their heirs, administrators, successors, and assigns release, waive, acquit and forever discharge any and all rights they have or may have to request or obtain any information, documents, testimony, or discovery in the Consolidated Case or under Section 14012 from the United States or the Secretary of Agriculture.

20. Without affecting the finality of this judgment, the Settlement Agreement shall remain in full force and effect according to its terms.

21. Without affecting the finality of this judgment, the Court retains jurisdiction over this Settlement, including the administration and fulfillment of the Settlement, and retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Order and Judgment, and other matters related to or ancillary to the foregoing, until 200 days after the date the Final Accounting is completed under terms of the Settlement Agreement.

22. Any person wishing to appeal this final judgment shall post a bond with this Court in the amount of $1,500 to cover the costs of appeal as a condition of prosecuting the appeal. The Court will consider whether any further bond should be required at a later point.

23. The Parties are authorized to communicate with putative Class Members regarding the provisions of the Settlement Agreement so long as such communications are not inconsistent with the Settlement Agreement. The Secretary shall refer to the toll-free telephone

number operated by the Claims Administrator any inquiries from putative Class Members about claims to be filed under the Settlement Agreement.

24. Neither the fact of settlement, nor the Settlement Agreement, nor any provision therein, nor any negotiations, statements, or proceedings in connection therewith, shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Representative Plaintiffs, Class Counsel, any putative Class Members, the Secretary of Agricluture, or the United States of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in *In re Black Farmers Discrimination Litigation* were or were not meritorious.

25. Class Counsel and the Neutrals shall promptly bring to the attention of the Inspector General of the Department of Agriculture, to the United States Department of Justice, and to the Ombudsman appointed by the Court pursuant to the Settlement Agreement information that they receive relating to potential scams on claimants and/or misrepresentations being made to claimants relating to the claims process or the relief available to claimants under the Settlement Agreement.

26. This is a final appealable order. See FED. R. APP. P. 4(a).

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 10/27/11